UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| BRENT WAYNE VOSTAD,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:22-CV-01016-CBK<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING A CERTIFICATE OF APPEALABILITY** |

Petitioner pleaded guilty to possession of a firearm by a prohibited person, a convicted felon, and was sentenced on November 29, 2021, to 120 months imprisonment. 1:21-cr-10015-CBK. He did not appeal his conviction or sentence. He waived, as part of his plea agreement, his right to appeal any sentence imposed unless the Court imposed an upward departure. No departure was imposed. Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner contends that he received ineffective assistance of counsel. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## DECISION

To support a claim of ineffective assistance of counsel, a two-prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct.

2052, 2068, 80 L. Ed. 2d (1984)). In the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Gumangan v. United States, 254 F.3d 701, 705 (8th Cir.2001), (*quoting* Hill v. Lockhart, 474 U.S. 52, 59 (1985)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

**I. Plea Advice.**

Petitioner contends that he received erroneous advice to induce him to accept the plea agreement and that counsel put improper pressure upon him to plead guilty. He contends that counsel lied to him about, failed to explain, and purposedly misled petitioner about the risks and benefits of the plea offer. Finally, petitioner contends that counsel was ineffective in failing to accurately calculate his probable guideline range when advising defendant as to the government's plea offer.

Petitioner's waiver of his Constitutional right to insist the charges against him be tried to a jury can only be waived by a guilty plea that is "voluntary" and "intelligent." Bousley v. United States, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998) (*citing* Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)). The United States Supreme Court has held that a "plea of guilty entered by one fully aware of the direct consequences . . . must stand unless induced by threats . . . misrepresentation . . . or [improper promises]." Brady, 397 U.S. at 755, 90 S.Ct. at 1472. Petitioner was fully advised by me of the consequences of pleading guilty and I found on the record at the plea hearing that his plea was voluntary. Nothing in the motion to vacate shows otherwise.

A plea is intelligently made where the petitioner "was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties." Brady, 397 U.S. at 756, 90 S.Ct. at 1473. I found at the change of plea hearing that petitioner was competent to enter a guilty plea. Notwithstanding any advice given or not given to petitioner by counsel prior to the entry of his guilty plea, I fully advised petitioner of the consequences of pleading guilty prior to the entry of his plea.

Petitioner's claims that counsel induced or improperly coerced him into pleading guilty are contrary to the record. Petitioner testified under oath at the change of plea hearing that no person made promises, other than what was in the plea agreement, to induce him to plead guilty. He testified that no person had threatened him in any way to get him to agree to the plea agreement, that other than what was in the plea agreement, no promises were made to him, and no person promised him what sentence he would receive.

Two months after petitioner entered his initial appearance on his federal gun charge, he wrote a letter to me requesting that I appoint his attorney handling his state court drug and gun charges. Petitioner claimed his court appointed counsel in this case was attempting to coerce him into making a deal and that counsel moved his trial date which was unfair. I moved petitioner's trial date based upon counsel's request and petitioner's signed consent. I denied petitioner's request for substitute counsel but reminded petitioner that he could hire his own lawyer if he wanted to replace his court appointed attorney. Petitioner contends that counsel was ineffective for failing to notify the Court concerning the differences occurring between himself and his attorney. Clearly, the Court was aware of plaintiff's claimed concerns with appointed counsel.

At the change of plea hearing held nearly two months later, petitioner testified under oath that he was fully satisfied with the advice and representations by counsel to him in this case. He denied that he was improperly induced to plead guilty. Petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876

3

F.2d 644, 648 (8th Cir. 1989) (*citing* Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))).

## II. Sentencing Guideline Advice.

Petitioner contends that counsel was ineffective in accurately calculating the sentencing guideline when advising defendant to plead guilty. The Eighth Circuit has held that counsel's incorrect estimate of the offense severity, sentencing range, or possibility of a sentencing enhancement was not, standing alone, ineffective assistance of counsel. Thomas v. United States, 27 F.3d 321, 326 (8th Cir. 1994) (citing cases from other Circuit Courts); United States v. Nesgoda, 559 F.3d 867, 870 (8th Cir. 2009).

At the change of plea hearing, I asked petitioner:

> Do you understand that any estimate of an advisory guideline range made by [your attorney], or for that matter by anybody else at this stage, is only an estimate; and the final advisory guideline range may be different, may call for a longer sentence than what you talked about with [your attorney]; and if that happens, you would not be able to withdraw any plea of guilty entered under this plea agreement. Do you understand that?

Petitioner testified under oath that he understood that. I further asked:

> Do you understand that if you plead guilty here today to the charge contained in the indictment that, at a later date, I will conduct a sentencing hearing. At that hearing, I will listen to the evidence. I will not require anyone to prove anything beyond a reasonable doubt, but again only by a preponderance of the evidence. Based upon the evidence, I will then decide what the facts are. Based upon what I find the facts to be, I will decide what your advisory guideline range is, and I will then sentence you within the guideline range, below the guideline range, or above the guideline range, not to exceed of course the statutory maximum of ten years imprisonment. Do you understand all of that?

Petitioner testified under oath that he understood that.

As previously set forth, petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (*citing* Voytik v.

United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))).

### III. Other Plea Matters.

Petitioner contends that counsel failed to communicate a plea offer and failed to make a counteroffer. Petitioner has not set forth any basis for believing that any other plea offers were made by the prosecution. This is not a case where a more favorable outcome could be obtained by petitioner. He was charged with one count in the indictment – possession of a firearm by a prohibited person. There are no lesser included offenses to the gun charge. Petitioner obtained the best possible outcome, short of the prosecutor dismissing the charge on his own motion based upon lack of evidence. Petitioner obtained a promise from the government to recommend a within guideline sentence and to recommend that the petitioner receive a three-point reduction in offense level for his timely guilty plea.

Plaintiff's claim is set forth in one unsupported sentence in his motion to vacate. The motion fails to set forth "sufficient allegations of facts which, if true, would justify relief." See Smith v. United States, 635 F.2d 693, 696 (8th Cir. 1980). "Merely stating unsupported conclusions will not suffice." Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978). Facts stated in a conclusory fashion are inadequate on their face. See Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). Petitioner has failed to state facts sufficient to raise a claim that counsel was ineffective in failing to communicate a plea offer or make a different offer to the government.

### IV. Assistance of Counsel at Sentencing.

Petitioner contends that counsel was ineffective and failed to aid him at sentencing. He described counsel as a "mere spectator" at sentencing. That characterization could not be further than the truth.

Petitioner's offense level was calculated pursuant to Guidelines § 2K2.1. There is no reasonable argument that the correct guideline was not applied. The base offense level assigned was 24 pursuant to § 2K2.1(a)(2) because petitioner had at least two prior felony convictions of either a crime of violence or controlled substance offense.

5

Petitioner had three prior felony convictions for distribution of marijuana. There is no reasonable argument that the base offense level was incorrect.

Petitioner was assigned a four (4) level specific offense characteristic enhancement pursuant to § 2K2.1(b)(6)(B) based upon possession of the firearm in connection with unauthorized possession of methamphetamine. Counsel filed an objection to the enhancement, citing case law in support of the contention that the enhancement is appropriate only if the firearm facilitated or had the potential to facilitate drug possession. Counsel argued vigorously at sentencing in support of the objection. I overruled the objection based upon defendant's offense conduct of possession of a loaded and chambered handgun and the fact that his conduct was not merely possession of methamphetamine but he was in possession of drug paraphernalia, including a scale which is indicia of distribution. I found that the application of the enhancement was consistent with Eighth Circuit case law and the facts of this case.

Counsel further argued for a variance at the sentencing hearing. He argued that the crime had no victims and argued that many other crimes in which someone is hurt or killed result in a lower guideline range. Counsel cited cases in his argument that a downward variance should be awarded to avoid unwarranted sentencing disparity.

Petitioner's total offense level, after the three-level reduction for acceptance of responsibility, was 25 and, together with a criminal history category of VI, his guideline sentencing range was 110 – 137 months. His statutory maximum penalty was 120 months. His sentence was within the guideline range. Despite his attorney's able assistance at sentencing, petitioner's relevant conduct warranted the enhancement and did not warrant a downward variance.

I determined the length of petitioner's sentence. I did so, taking into account the Guidelines calculations, which I determined independently by considering the presentence report, the factual basis statement, and the file. Any alleged deficiency by defense counsel, which deficiency I reject, played no role in the sentence the petitioner received. Petitioner has not demonstrated that counsel was ineffective or that petitioner

suffered prejudice in conjunction with the determination of the Guidelines range and the sentence imposed.

## V. Appeal Advice.

Petitioner contends that counsel failed to advise petitioner of his right to appeal and gave him erroneous advice as to an appeal. Petitioner waived, as part of his plea agreement, any right to appeal his sentence unless I imposed an upward departure. I did not impose an upward departure.

After I imposed sentence, I advised petitioner of his right to appeal generally, that he had waived his right to appeal, but if he felt that there was some reason why his waiver should not be enforced, he could still file an appeal. Petitioner did not appeal and he does not contend that counsel failed to heed a request to appeal. He instead contends that counsel advised him not to appeal.

The United States Court of Appeals for the Eighth Circuit has held:

> As a general rule, a defendant is allowed to waive appellate rights. Every circuit that has considered this issue has reached the conclusion that at least some forms of appeal waivers are permissible. On numerous occasions, we have also acknowledged the general permissibility of including these waivers in plea agreements.

United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003) (internal citations omitted). The Eighth Circuit further held that:

> When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily. Even when these conditions are met, however, we will not enforce a waiver where to do so would result in a miscarriage of justice.

United States v. Andis, 333 F.3d at 889–90. "Although we have not provided an exhaustive list of the circumstances that might constitute a miscarriage of justice . . . we caution that this exception is a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid." Id. at 891.

During the change of plea hearing, I advised defendant that he was waiving his statutory right to appeal, unless I departed from the advisory guideline range, and that he was waiving very valuable rights. He testified that he understood those matters. I find

that defendant's waiver was voluntarily and intelligently entered into and absent a miscarriage of justice, that waiver would be enforced by the Court of Appeals.

Other than his claims of ineffective assistance of counsel, petitioner has identified no basis for attacking his sentence. I find that there is no factual or legal basis to attack his sentence. Petitioner himself requests only that he be resentenced to a "fair" sentence. Defendant's sentencing range encompassed the statutory maximum penalty and was driven primarily by his criminal history category. Petitioner was sentenced within the advisory guideline range. The Eighth Circuit reviews a district court's sentence for "substantive reasonableness for abuse of discretion." United States v. Heard, 91 F.4th 1275, 1280 (8th Cir. 2024). "Our review is "narrow and deferential," so it is the "unusual case" where we vacate even an above-Guidelines sentence as substantively unreasonable." Id.

If counsel advised defendant that there was no basis for appeal and that an appeal would be unsuccessful in this case, such advice was reasonable and counsel was not ineffective in providing that advice.

## VI. Prejudice.

As previously set forth, petitioner bears the burden of showing prejudice - that, absent counsel's alleged ineffective assistance, there is a reasonable probability that the result of the proceeding would have been different. Delgado v. United States, 162 F.3d at 982. Since he pleaded guilty, petitioner must show that but for counsel's alleged ineffective advice, he would not have pleaded guilty and would have insisted on going to trial. Gumangan v. United States, 254 F.3d at 705. Petitioner cannot show that the outcome of his case would have been different had counsel performed differently.

The Supreme Court has stated that habeas corpus relief functions "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted." Bousley, 523 U.S. at 620, 118 S.Ct. at 1610. The factual basis statement signed by petitioner states that he had previously been convicted of a felony and, knowing that information, he knowingly possessed a firearm. Petitioner testified twice under oath at the change of plea hearing that the factual basis

statement was true. During the presentence interview, petitioner again agreed with the factual basis statement and accepted responsibility for his possession of the firearm. There is no risk in this case that petitioner, though he pleaded guilty, is innocent. Petitioner cannot show that, absent a claimed error in the advice he received about the consequences of pleading guilty, he would have denied he committed the offense and would have proceeded to trial.

Even if this case had gone to trial, there is no possibility that he would not be convicted. His felony record is without question. When he was age 22, he was convicted of felony distribution of marijuana. His suspended sentence was revoked when he tested positive for using THC. He was sentenced to two years imprisonment for that revocation. At age 25, petitioner was again convicted of felony distribution of marijuana. At age 26 he was again convicted of felony distribution of marijuana. Both of those convictions occurred in 2010. He was sentenced to prison in both cases, paroled, revoked, and served additional time in prison. In 2016, at age 31, petitioner was convicted of felony ingestion of methamphetamine. He was sentenced to the penitentiary, paroled, and twice detained on parole violations. The evidence in the defendant's state court records is clear that petitioner was a felon and he certainly knew that he was a felon based upon his repeated prison terms. There is also no question that he was in possession of a loaded firearm when he was arrested by Aberdeen, South Dakota, police officers on February 27, 2021.

I reject any claim that counsel was ineffective as claimed by petitioner. Even if counsel was ineffective, petitioner cannot show any prejudice. If he had gone to trial, he would surely have been convicted. His sentencing guideline range would have been higher, capped by the statutory maximum penalty, because he would not have been awarded a reduction for acceptance of responsibility.

Petitioner cannot show that there is a "reasonable probability that, but for counsel's alleged failure [as set forth *supra*] the result of the proceeding would have been different." Toledo v. United States, 581 F.3d at 680 (8th Cir. 2009).

9

**ORDER**

I have determined, upon initial consideration, that it plainly appears from the face of the motion and the prior proceedings in the criminal case that petitioner is entitled to no relief and that his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be summarily dismissed.

Based upon the forgoing,

IT IS ORDERED:

1. The motion to vacate, set aside, or correct sentence is denied.

2. The motion, Doc. 5, for the appointment of counsel is denied as moot.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 4th day of March, 2024.

BY THE COURT:

_Charles B. Kornmann_
CHARLES B. KORNMANN
United States District Judge